IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL J. HILL                                                                           PLAINTIFF

      v.                                  6:14-cv-06011-BAB

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Michael Hill, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") ceasing his disability benefits as of January 31, 2010.[1] The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 8).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

I.    **Background:**

Plaintiff was initially found to be disabled as of September 11, 2003, due to sickle cell disease and awarded childhood disability benefits. (Tr. 8). On February 2, 2010, Plaintiff's benefits were ceased when it was concluded a medical improvement had occurred as of January 31, 2010,

---

[1] At the time of the ALJ's unfavorable decision, and the Appeals Council's decision to deny review, Plaintiff resided in Houston, Texas. A review of the record also indicates Plaintiff resided in Texas for the entire relevant time period. In his Complaint, Plaintiff pleaded venue was appropriate by virtue of his current residency in Garland County, Arkansas. (Doc. 1). Defendant has raised no objection to venue.

[2] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

and he could perform some type of substantial gainful activity. (Tr. 47, 50). Plaintiff appealed this determination, and a hearing before an ALJ was held on April 25, 2012, at which Plaintiff appeared without representation. (Tr. 26-36). At the hearing, the ALJ stated he would continue the case to a later date so he could develop testimony from a consulting physician. (Tr. 34-35). A second administrative hearing was held before a different ALJ on October 24, 2012, at which Plaintiff again appeared without counsel. (Tr. 652-669). A VE was also present and testified. (Tr. 665-667).

By written decision dated November 13, 2012, the ALJ found the favorable decision on September 27, 2003, was the "comparison point decision" or CPD. (Tr. 10, Finding 1). At the time of the CPD, Plaintiff's only medically determinable impairment was sickle cell anemia. (Tr. 10, Finding 2). The ALJ found Plaintiff had not engaged in substantial gainful activity since his disability ended on January 31, 2010. (Tr. 10, Finding 3). The ALJ further found Plaintiff had not developed additional impairments, and Plaintiff's current impairment was the same as the CPD impairment. (Tr. 10, Finding 4). The ALJ also determined Plaintiff had not had an impairment or combination of impairments which met or equaled the level of severity of any impairment listing since January 31, 2010. (Tr. 10-11, Finding 5).

The ALJ next determined a medical improvement occurred as of January 31, 2010. (Tr. 11, Finding 6). The ALJ then found, beginning on January 31, 2010, Plaintiff had the RFC to perform the full range of work at all exertional levels, except Plaintiff "may never climb ropes, ladders, or scaffolds; and he may not work at unprotected heights or around dangerous moving machinery." (Tr. 11-13, Finding 9). Based on the VE's testimony, the ALJ determined Plaintiff could perform his past relevant work as a kitchen helper. (Tr. 13, Finding 10). The ALJ then concluded Plaintiff's

disability ended on January 31, 2010, and he had not become disabled again since that date. (Tr. 14, Finding 11).

On January 7, 2013, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision, which denied the request on January 9, 2014. (Tr. 1-4). On January 27, 2014, Plaintiff filed the present appeal. (ECF No. 1). The Parties consented to the jurisdiction of this Court on January 28, 2014. (ECF No. 8). Both Parties have filed appeal briefs, and the case is ready for decision. (ECF Nos. 14, 16).

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant has a continuing burden to demonstrate he is disabled, and courts should draw no inference from the fact a claimant was previously granted benefits. *See Nelson v. Sullivan*, 946 F.2s 1314, 1315 (8th Cir. 1991). Once the claimant meets this initial responsibility, however, the burden shifts to the Commissioner to demonstrate the claimant is not disabled. *Lewis v. Heckler*, 808 F.2d 1293, 1297 (8th Cir. 1987).

"When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where he is able to perform substantial gainful activity." *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008). "This 'medical improvement' standard requires the Commissioner to compare a claimant's current condition with the condition existing at the time the claimant was found disabled and awarded benefits." *Id*.

A continuing disability review involves a sequential analysis prescribed in 20 C.F.R. § 404.1594(f). *Id.* The steps are as follows: (1) whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment; (3) If not, whether there has been medical improvement; (4) if there has been a medical improvement, whether it is related to the claimant's ability to work; (5) if there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies; (6) if there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe; (7) if the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of this past relevant work activity; and (8) if the

claimant is unable to do work performed in the past whether the claimant can perform other work. *Id*. at 945-946 (citing 20 C.F.R. § 404.1594(f); *Dixon v. Barnhart*, 324 F.3d 997, 1000–1001 (8th Cir. 2003)).

## III.     Discussion:

Plaintiff believes the ALJ should have found the criteria of Listing 7.05 (sickle cell disease) was met, and alleges the ALJ posed an improperly phrased hypothetical to the VE. (ECF No. 15 at 8-15).

There is no substantial evidence of a medical improvement, or evidence to support the RFC assessment. The ALJ also erred by not performing a proper credibility analysis and by concluding Plaintiff could perform past relevant work.

In support of his findings, the ALJ referenced only three pieces of information: Plaintiff's inpatient treatment for a sickle cell crisis between January 11, 2010, and January 29, 2010, and case analyses from two non-examining consultants. (Tr. 12-13, 370-377, 450, 625). One consultant, Dr. Terry Collier, submitted a case assessment in January 2010, and opined Plaintiff's impairment of sickle cell disease was non-severe. (Tr. 459). Dr. Collier did not refer to any medical evidence except for a single hematocrit test result in November 2009, and appears to have been unaware of Plaintiff's hospitalizations for sickle cell crises in 2009 and 2010. (Tr. 349, 350, 433-442). The second consultant, Dr. Patty Rowley, submitted a case assessment in January 2011 and also opined Plaintiff's impairment was non-severe. (Tr. 625).

The ALJ gave both consultants' opinions little weight, and then noted "no treating physician has opined that the claimant is disabled." (Tr. 13). Without providing any more analysis, the ALJ concluded the RFC determination was supported by the medical evidence. (Tr. 13).

As recognized by the ALJ at Plaintiff's first hearing, there was insufficient evidence to determine if Plaintiff's condition could be managed. (Tr. 34-35). The second ALJ, however, took no steps to further develop the record.[3] Although Plaintiff has experienced fewer sickle cell crises since 2010, this information, alone, is not substantial evidence of a medical improvement. *See Dixon,* 324 F.3d at 1001.

Beyond failing to develop the record, the ALJ did not address evidence showing Plaintiff suffered a low-grade pain crisis in March 2010, experienced a crisis requiring hospitalization in 2012, and suffered complications from his sickle cell disease including chronic bone infarction, scoliosis, and heart disease. (Tr. 365, 432-433, 442, 630). The medical evidence as a whole provides little, if any, support for the ALJ's finding Plaintiff experienced a medical improvement. *See Burress v. Apfel*, 141 F.3d 875, 879-880 (8th Cir. 1998). The ALJ also made little effort to identify any information in his decision to support the RFC assessment, and there is no apparent basis for the non-exertional limitations the ALJ imposed. The only medical opinions in the record were discounted, and the ALJ failed to address critical pieces of information.

The ALJ also discounted Plaintiff's subjective complaints without any analysis. When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination by articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998) (citing

---

[3]The hearing transcript shows the ALJ made little effort to develop Plaintiff's testimony. *See McGhee v. Harris*, 683 F.2d 256, 260 (8th Cir. 1982) ("[i]t is imperative that an ALJ conducting a hearing with an unrepresented claimant make a specific effort to fully and fairly develop the record."). The ALJ also appears to have made several factual errors at the hearing, such as suggesting Plaintiff's employment for 15-16 hours a week at a Hyatt Hotel was full-time employment, and referring to Plaintiff's treatment and discharge from care at the Texas Children's Hospital in 2005 as occurring in 2010. (Tr. 511-515, 657, 664-664).

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). The ALJ did not review any of the *Polaski* criteria, and discounted Plaintiff's testimony at the hearing without noting any specific inconsistencies. (Tr. 12). In his opinion, the ALJ only made the following cursory statement regarding Plaintiff's subjective complaints:

> After considering the evidence of record, I find the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below. (Tr. 12).

The ALJ discounted Plaintiff's subjective complaints for the sole reason that they were not consistent with his medical records. The ALJ's decision to discount Plaintiff's subjective allegations based only upon the medical evidence alone was improper. *Polaski*, 739 F.2d at 1322. The error is especially significant here since the ALJ did not fully address the medical evidence, the records reveals no obvious inconsistencies with Plaintiff's allegations of a disabling condition, and sickle cell anemia is a condition characterized by painful crisis and chronic fatigue. *See Ross v. Apfel,* 218 F.3d 844, 847-850 (8th Cir. 2000) (discussing the nature of sickle cell disease and finding the ALJ erred by simply finding the objective medical evidence did not document the alleged pain and fatigue). Since the ALJ did not articulate reasons for discrediting Plaintiff's testimony, the credibility determination is not based on substantial evidence.

Finally, the ALJ erred by determining Plaintiff could perform his past relevant work. Plaintiff testified he participated in a workforce hands-on education program in the kitchen of a Hyatt Hotel during 2011, but left the position after having a sickle cell flare-up. (Tr. 657-658). The record shows Plaintiff earned less than twelve thousand dollars in wages from the Hyatt Corporation in

2011, and held no other employment during the year. (Tr. 133, 169). Referring to Plaintiff's employment at the Hyatt Hotel, the ALJ determined Plaintiff's wages did not amount to substantial gainful activity stating: "the claimant worked throughout 2011 at levels very nearly approaching[,] but not quite reaching substantial gainful activity." (Tr. 10, Finding 3).

As part of his discussion of Plaintiff's past relevant work, however, the ALJ later determined:

> The evidence shows the claimant worked at Hyatt Hotels for 2 years at levels closely approaching substantial gainful activity. That is long enough to learn how to do the unskilled job of kitchen helper. (Tr. 13).[4]

Based on the VE's testimony, the ALJ then concluded Plaintiff could perform his past position as a kitchen helper, which the ALJ deemed past relevant work. (Tr. 13-14, Finding 10).

Past relevant work "must have been done within the last 15 years, lasted long enough for a claimant to learn to do it, and been SGA [substantial gainful activity]." *Vincent v. Apfel*, 264 F.3d 767, 769 (8th Cir. 2001) (citing 20 C.F.R. § 416.965(a)). In evaluating work activity for substantial gainful activity purposes, the "primary consideration will be the earnings [derived] from the work activity." 20 C.F.R. § 404.1574(a)(1). The Commissioner additionally considers whether the person is "working in a sheltered or special environment." 20 C.F.R. § 404.1574(a)(3). Here the ALJ determined Plaintiff's earnings at Hyatt Hotels did not amount to substantial gainful activity. (Tr. 10). The record also indicates the earnings may have occurred in a "sheltered or special environment" since Plaintiff's employment was through a vocational training program, and the ALJ noted Plaintiff was permitted absences when he was too sick to go to work. (Tr. 12-13, 656-657). For unclear reasons, ALJ subsequently found Plaintiff was not disabled because he could perform

---

[4] There is no indication in the record Plaintiff worked at Hyatt Hotels other than in 2011.

his past position as a kitchen helper at the Hyatt Hotel. While the kitchen helper position was past work, it was not past relevant work. Accordingly, the ALJ erred by finding Plaintiff can perform past relevant work. *Buckner v. Apfel*, 213 F.3d 1006, 1013 (8th Cir. 2000).

On remand, the ALJ should develop the record by ordering a consultative examination and then submitting Plaintiff's medical notes to a consulting physician for review. The ALJ should also further develop Plaintiff's testimony and conduct a proper credibility analysis.

### IV.    Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**Dated this 18th day of August, 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE